IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01966-BNB

PHILLIP D. BACA,

    Applicant,

v.

TAMARA RUSSELL, Judge,
WHEAT RIDGE POLICE DEPT.,
JESSE MASCIOTRO, Supervisor (Pretrial Services),
JEFFERSON COUNTY PROBATION DEPT.,
JENNA REULBACH,
BRANDON O'NEILL, and,
ELAINE KAHLER,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 07 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO FILE AMENDED COMPLAINT

---

Plaintiff, Phillip Baca, initiated this action on August 3, 2010, by filing a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. He filed *pro se* two similar but not identical Prisoner Complaints on August 18, 2010, asserting violations of his constitutional rights under 42 U.S.C. § 1983.

On August 18, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Baca to cure a deficiency in the case within thirty days. Specifically, Mr. Baca was advised that the Defendants named in the captions of his pleadings must match the Defendants named in the "Parties" section of his Complaint. Mr. Baca attempted to cure the deficiency within the court-ordered deadline by submitting amended pages of the caption and "Parties" section of the Prisoner Complaint form on August 25, 2010. However, Mr.

Baca is reminded that the Court does not construe piecemeal filings together. Instead, an amended pleading or motion supersedes the original filing "and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir.1991) (internal quotation marks omitted); *see also Miller v. Glanz*, 948 F.2d 1562,1565 (10th Cir. 1991); 6 C. Wright, A. Miller & M. Kane, *Fed. Practice and Procedure* § 1476 (1990). Mr. Baca therefore should have submitted an amended Prisoner Complaint with all sections of the form completed. Notwithstanding the deficiency, the Court granted Mr. Baca leave to proceed in forma pauperis on September 2, 2010.

The Court must construe the amended Complaint liberally because Mr. Baca is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Baca will be ordered to file an Amended Complaint.

Mr. Baca states that he was wrongfully jailed for "burglary to my own home, stalking, intimating, violation bail bond, protection order, violation." Compl., at 3. He claims that he was wrongfully arrested, charged, and convicted and that he received ineffective assistance of counsel in connection with the state court proceedings. *Id.* He also appears to assert claims arising out of criminal charges that were dismissed. [Second] Compl., at 3. Mr. Baca requests monetary relief to compensate him for his losses while imprisoned.

Mr. Baca may not challenge the validity of his criminal convictions in an action for money damages pursuant to 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S.

477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a plaintiff in a § 1983 action necessarily would imply the invalidity of the plaintiff's criminal conviction or sentence, the § 1983 action does not arise until the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. It is not clear from Mr. Baca's thin allegations which state criminal convictions he is challenging and whether he has invalidated any of those convictions. Therefore, his request for a damages judgment which appears to arise from an allegedly invalid criminal conviction and sentence may be barred by *Heck*. Mr. Baca is directed to amend the Complaint and state whether criminal conviction(s) are the basis of his claims, and if so, whether the conviction(s) and sentence(s) were subsequently invalidated.

Mr. Baca's Complaint suffers from other deficiencies as well. Defendant Judge Tamara Russell is absolutely immune from a civil rights suit for money damages for actions taken in her judicial capacity, unless she acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Mr. Baca does not allege any facts to show that Defendant Judge Russell was acting outside of her judicial capacity.

Further, Mr. Baca must name specific defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate in the text of the

3

Complaint how each named defendant personally participated in the asserted claims. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Baca must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Baca may not sue the Police Department of Wheat Ridge, Colorado, because it is not an entity separate from the City of Wheat Ridge and, therefore, is not a person under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Likewise, the Jefferson County Probation Department is not an entity separate from Jefferson County for purposes of suit under § 1983. Accordingly, Mr. Baca's claims against the Wheat Ridge Police Department and the Jefferson County Probation Department will be construed as claims against the City of Wheat Ridge and Jefferson County, respectively.

Municipalities and counties such as the City of Wheat Ridge and Jefferson County are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To

establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998). Mr. Baca cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Finally, the amended complaint Mr. Baca will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Mr. Baca is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant' s action harmed him [ ]; and, what specific legal right [Mr. Baca] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Baca file **within thirty days from the date of this Order** an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Baca, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Baca fails to comply with this Order within the time allowed the Complaint and the action will be dismissed without further notice.

DATED September 7, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01966-BNB

Phillip D. Baca
Prisoner No. 147072
Fort Lyon Corr. Facility
P.O. Box 1000
Fort Lyon, CO 81038

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9/7/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk